IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-1971 |
| ) | |
| $83,801.17 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

VERIFIED COMPLAINT FOR FORFEITURE

AND NOW comes the United States of America, by and through its counsel, Troy Rivetti, First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and Jill L. Locnikar, Assistant United States Attorney for the Western District, and respectfully represents as follows:

1. Plaintiff, the United States of America, brings this civil action *in rem* for forfeiture to the United States of $83,801.17 in United States currency, further described at 25-FBI-005086, (the "Defendant Property"), pursuant to 21 U.S.C. § 881(a)(6).

2. Jurisdiction is predicated upon 28 U.S.C. § 1345 and § 1355(a). Venue is proper under 28 U.S.C. § 1395 and § 1355(b).

3. On July 31, 2025, pursuant to a federal search warrant, the Federal Bureau of Investigation (the "FBI") seized the Defendant Property from the residence of Jamar Perminter ("Perminter") and Carlie Ashley ("Ashley") in Pittsburgh, Pennsylvania. The Defendant

Property was found in the following locations: $9,476.00 on a bed mantel in main bedroom, $32,031.17 in the bedroom closet, and $30,000.00 within a safe from the main bedroom closet; $159.00 from a purse in the dining room; $9,583.00 from the kitchen; and $2,552.00 from inside a purse in the entryway. The Defendant Property has remained in the Western District of Pennsylvania in the custody of the United States Marshals Service.

4. Subsequent to the seizure, the FBI instituted administrative forfeiture proceedings against the Defendant Property. Perminter filed a claim to the Defendant Property as part of the administrative proceedings. As a result, the United States has instituted this civil forfeiture action against the Defendant Property.

5. Perminter became the subject of a criminal investigation (the "Investigation") conducted by a federal task force for violations of 21 U.S.C. § 841. The Investigation revealed that Perminter and others unlawfully sold and distributed controlled substances and generated thousands of dollars of illegal drug proceeds.

6. The Investigation began in 2023 when Perminter was identified as an affiliate of a neighborhood-based gang known as Ballin Like Chrome. In late 2024 into early 2025, investigators found several public-facing Facebook posts of Perminter holding large quantities of United States currency, which is a social media pattern emulated by many drug traffickers.

7. On May 7, 2025, a 911 call was received reporting four males assaulting another male outside of a Pittsburgh apartment complex. By reviewing camera footage of the area, investigators identified Perminter as one of the males performing the assault, all of whom carried firearms and later fled the scene in a 2021 BMW X7.

8. In July 2025, Perminter was observed on multiple occasions exiting the seizure address and delivering suspected narcotics. Investigators were able to field test the suspected narcotics, which all returned positive for fentanyl. On at least one occasion, Perminter used the

2021 BMW X7 to deliver the narcotics. At various times during the Investigation, Perminter was observed carrying a "black snub nose revolver," a Glock pistol with affixed switch, and an AK-style rifle.

9. In addition to the Defendant Property, the following items were seized when the search warrants were executed:

    a. From Perminter and Ashley's residence: three Apple iPhones, a PA license plate "L/FN7734," miscellaneous watches, and false identifications;

    b. From a 2015 Dodge Durango, registered to Ashley: missed pills, suspected Fentanyl, Crown Royal back with suspected cocaine base, and a black sling bag containing a digital scale and a Taurus GX2 9mm pistol, bearing serial number AGM671404, with holster, a magazine and ammunition; and

    c. From the 2021 BMW X7: one brick of suspected Fentanyl, an amount equal to 50 individual glassine bags.

10. On August 19, 2025, a Grand Jury in the Western District of Pennsylvania handed down a One-Count Indictment against Perminter, a convicted felon, for possession of a firearm and ammunition. The Indictment is attached as Exhibit A.

10. Perminter was arrested at the seizure and refused to be interviewed without counsel. Investigators interviewed Ashley briefly, during which she denied ownership of all the items seized and stated that she was unaware of Perminter's drug trafficking.

11. Upon researching the Pennsylvania Department of Labor and Industry records, investigators found that Perminter had no reportable income in 2025 and earned $9,600.00 in 2024. Ashley had no reportable income in 2025 and earned less than $6,000.00 in 2024.

12. The Investigation revealed that the Defendant Property represents proceeds generated from the illegal distribution of narcotics in violation of 21 U.S.C. § 841, and, therefore, is forfeitable to the United States pursuant to 21 U.S. C. § 881(a)(6).

13. By reason of the foregoing, and under the provisions of 21 U.S.C. § 881(a)(6), the

Defendant Property is forfeitable to the United States.

WHEREFORE, the United States of America respectfully requests that Judgment of Forfeiture be entered in favor of the United States for the Defendant Property; and that the United States be granted such relief as this Honorable Court may deem just and proper, together with the costs and disbursements of this Action.

TROY RIVETTI
First Assistant United States Attorney

*/s/ Jill L. Locnikar*
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
412-894-7429
412-644-2644 (fax)
jill.locnikar@usdoj.gov
PA ID No. 85892 (AFF)

## VERIFICATION

I am a Special Agent of the Federal Bureau of Investigation, Department of Justice, and the case agent assigned to this case.

I have read the contents of the foregoing complaint for forfeiture and the statements contained therein are true and correct to the best of my knowledge and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 17 day of December, 2025.

*Sarah Esposito*
SARAH ESPOSITO
Special Agent
Federal Bureau of Investigation